NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1048

4FRONT ADVISORS, LLC

vs.

MASS ALTERNATIVE CARE, INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Mass Alternative Care, Inc. (MAC) appeals from a Superior Court judge's denial of its motion to dismiss and entry of judgment confirming an arbitration award in favor of the appellee, 4Front Advisors, LLC (4Front).  MAC argues that the final award entered by the arbitration panel (panel) was interlocutory, and thus, that entry of judgment by the Superior Court was improper.  We affirm.

Background.  MAC, a Massachusetts cannabis dispensary, licensed instruction manuals and materials from 4Front designed for use in the operation of dispensaries.  The parties signed a licensing agreement in April, 2015, and approximately one year

later, executed an addendum.[1]  4Front filed a demand for arbitration pursuant to the agreement to resolve disputes relating to the calculation of fees owed to the company.  On the first day of the arbitration, the parties agreed that the panel would not address whether an interpretation of the agreement would result in payments that would exceed fair market value or be commercially unreasonable.  The panel issued an interim decision on November 19, 2024, followed by a final award, incorporating the interim decision, on January 31, 2025.

On February 6, 2025, 4Front filed a complaint in the Superior Court to confirm the arbitration award pursuant to G. L. c. 251, § 11.  MAC filed a motion to dismiss the complaint which, following a hearing, was denied on May 16, 2025.  The judge found that she had no discretion to dismiss the complaint and entered judgment for 4Front in July 15, 2025.[2]  This appeal followed.

---

[1] The addendum provided the appellant with the option to "reassess the terms" of the original agreement "to safeguard [the appellant's] compliance with the Massachusetts Department of Public Health [g]uidance] for [r]egistered [m]arijuana [d]ispensaries for [n]on-[p]rofit [c]ompliance, namely to ensure that ongoing payments under th[e] [a]greement do not exceed fair market value and remain commercially reasonable."

[2] A second judgment was docketed on July 25, 2025 and a corrected judgment was docketed with minor language corrections on August 29, 2025.  The parties do not raise any arguments concerning either of these judgments, which are substantially the same.

Discussion.  We review the denial of a motion to dismiss de novo.  Hornibrook v. Richard, 488 Mass. 74, 78 (2021).

First, we note that MAC does not dispute that the judge had no discretion under G.L. c. 251, § 11, to confirm the final arbitration award.  Section 11 states that "[u]pon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award . . . ." (emphasis added).  If a party wishes to vacate, modify, or correct an award, they must do so "within thirty days after delivery of a copy of the award to the applicant."  G. L. c. 251, §§ 12-13.  MAC did not move to vacate, modify, or correct the award but instead moved, outside of the thirty days, to dismiss 4Front's complaint to confirm the award.  Where MAC filed no motion to vacate, modify, or correct the award, 4Front is entitled to the confirmation of a final award.  Boston Teachers Union, Local 66, Am. Fed'n of Teachers, AFL-CIO v. School Committee of Boston, 494 Mass. 519, 522 (2024) ("based on the plain language of the statute, unless a party makes a timely motion to vacate or modify the award pursuant to § 11 or 12 . . . the Superior Court is required to confirm it").

Rather, MAC argues that the arbitration award was an interlocutory order and not a final award because the panel did

3

not address any issues relating to fair market value or commercial reasonableness under the addendum. We are not persuaded. There is no indication in the record that the parties intended for the panel to render an interlocutory order. See Gaffney v. Contributory Retirement Appeal Bd., 423 Mass. 1, 6 n.4 (1996) (conclusory statements in brief do not rise to level of appellate argument); Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993). On the contrary, the parties explicitly agreed that the panel would not consider fair market value or commercial reasonableness and would issue a final award. As stated by the panel, "[c]laims, defenses, and arguments relating to the [a]ddendum are reserved to the [p]arties and are not resolved by this [i]nterim [d]ecision or any final award entered in this arbitration." While the record does not contain a written stipulation or a transcript of those portions of the arbitration proceeding where the parties' agreement was transmitted to the panel,[3] the award shows the parties' intent; to wit, that the panel not consider certain issues, and, nonetheless, reach a final resolution. Moreover, the agreement does not indicate any intent for the panel to

_____

[3] See Everett v. 357 Corp., 453 Mass. 585, 604 n.26 (2009). ("It is [appellant's] obligation to include in the record appendix any document on which he relies").

4

consider these issues in the future; rather, the claims were "reserved to the parties" to pursue outside of the current arbitration and were not determined by "any final award entered in this arbitration."

Finally, the plain language of the arbitration award speaks for itself; it is clearly labeled as a "FINAL AWARD," a phrase that accurately captures the ultimate and substantive disposition of the matter that the parties placed before the arbitrator.[4]  As discussed above, MAC did not move to modify the award to reflect that it was not a final disposition.  We conclude that the award is, indeed, final and that the judge properly denied MAC's motion to dismiss and entered judgment confirming the award.

Judgment affirmed.

By the Court (Meade,
  Hodgens & Allen, JJ.[5]),

Clerk

Entered:  April 10, 2026.

---

[4] The interim decision issued on November 19, 2024, and after input from the parties on attorney's fees, costs, and interest, the final award issued on January 31, 2025, incorporating the interim decision by reference.

[5] The panelists are listed in order of seniority.